## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLARISSA MARIE MARS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-23-606-JD |
| ) | |
| STEVEN HARPE, Director, ) | |
| ) | |
| Respondent. ) | |

### BRIEF STATING PETITIONER'S POSITION
### ON THE PROPER DISPOSITION OF THE CASE

On April 22, 2025, the Court issued a scheduling order. (Doc. 31) Because the parties could not agree on the manner in which the case should be resolved based on the Tenth Circuit's order and judgment remanding the case for further proceedings, the parties have been directed to brief the issue. (Docs 29, 31-33) *Mars v. White,* No. 24-6038 (10th Cir. March 5, 2025)(unpublished).

Counsel would suggest that the Court rule, consistent with the report and recommendation of Judge Purcell, the magistrate judge previously assigned this case, that Petitioner in fact exhausted her due process, equal protection and *ex post facto* claims in state court. (Doc. 12) Based on Oklahoma's objections to the report and recommendation, Judge Dishman disagreed with Judge Purcell, and held this claim was procedurally barred and had not been exhausted; Petitioner did not seek to respond to the state's untimely appeal of the state trial court's order denying its motion to reconsider that

1

court's previous order granting Ms. Mars post-conviction relief on the authority of *McGirt v. Oklahoma,* 591 U.S.___, 140 S.Ct. 2452 (2020). *Mars v. White,* No. CIV-23-606-JD (Doc. 16, pp. 10-16)(unpublished order). The Tenth Circuit granted a certificate of appealability on this issue. *Mars v. White, supra* at pp. 1, 4-6.

It is anticipated this request will be denied because it would in effect overturn the previous order of the district court that the claim is unexhausted, and would be outside the parameters of the Tenth Circuit's remand order. *Mars v. White, supra* pp. 4-6. Nonetheless, Ms. Mars makes this request in order to make it clear on the record that it is her contention this issue was exhausted, as has been argued before.

In her notice to the court filed on May 1, 2025 (Doc. 33), counsel jumped the gun on what was required in that filing and went on to argue Ms. Mars's position on how the case should be decided in accordance with the Tenth Circuit's mandate. In order to avoid needless repetition, counsel adopts, for present purposes, the argument and authority cited in the notice. (Doc. 33 pp. 2-3)

In the notice, Ms. Mars argued the first three options set out by the Tenth Circuit should be rejected. (Doc. 33, pp. 2-3) She maintained that the fourth option, in which the Court would deny the due process claim on the merits notwithstanding a failure to exhaust (which Petitioner denies), would be the most appropriate resolution. In *Graham v. White,* No. 23-5069 (10th Cir. May 17, 2024)(published), the Tenth Circuit ruled the due process claim raised here lacks merit, even though Petitioner believes it has merit.

2

The Supreme Court has yet to rule on this precise issue. For that matter, the Tenth Circuit has not yet ruled that there was a failure to exhaust. As noted, the Tenth Circuit granted a certificate of appealability previously on the exhaustion issue.

                                    Respectfully submitted,

                                    /s/ David Autry
                                    David Autry, OBA #11600
                                    1021 N.W. 16th Street
                                    Oklahoma City, OK 73106
                                    (405) 521-9600
                                    (405) 521-9669 [fax]
                                    dbautry77@gmail.com

                                    Lawyer for Petitioner,
                                    Clarissa Marie Mars

**Certificate of Electronic Filing and Service**

      This is to certify that on this 15th day of May 2025, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to Randall Young, Oklahoma Assistant Attorney General, at his email address, and to all counsel of record. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

                                    /s/ David Autry