IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLARISSA MARIE MARS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Case No. CIV-23-606-JD |
| | ) |
| STEVEN HARPE,[1] | ) |
| | ) |
| Respondent. | ) |

### RESPONDENT'S BRIEF REGARDING DISPOSITION OF
### THE INSTANT PETITION FOR WRIT OF HABEAS CORPUS

Respondent respectfully submits the instant brief, which outlines his "position on the proper disposition of this case in light of the Tenth Circuit's Order and Judgment, if no agreement between the parties is reached before hand." (Doc. 31 at 2). As previously reported, the parties could not reach an agreement regarding the disposition of this case. (Docs. 32 & 33). Now, as Respondent will explain, this Court should recommend dismissal of the petition upon a finding that ground one is defaulted under Oklahoma law. Respondent will also show that, in the alternative, this Court should recommend dismissal of the petition upon a finding that ground one is without merit.

---

[1] Petitioner is no longer being held within a Department of Corrections ("DOC") facility, but remains subject to DOC's supervision. Accordingly, the Director of the DOC, Steven Harpe, is now the appropriate Respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

## PROCEDRUAL HISTORY

Petitioner, Clarissa Marie Mars, is currently on probation for lewd or indecent acts with a child under sixteen, in violation of OKLA. STAT. tit. 21, § 1123(A) (Supp. 2013), pursuant to the judgment and sentence imposed by the Garvin County District Court in Case No. CF-2014-419. (Doc. 10-1 at 1-2). She entered a negotiated plea of guilty to the charge on November 23, 2015, with the assistance of counsel. (Doc. 10-2 at 1-6). The Honorable Trisha Misak, District Court Judge, accepted her plea and sentenced her in accordance with the plea agreement: ten years' imprisonment with all but the first nine months suspended. (Doc. 10-1 at 1; Doc. 10-2 at 5). Petitioner was subject to terms and conditions governing her probation while serving her suspended sentence. (Doc. 10-4). Judge Misak eventually revoked five years of Petitioner's suspended sentence on July 25, 2017, after having found numerous rules violations. (Doc. 10-13 at 1-3). Petitioner then twice sought sentence modification under Okla. Stat. tit. 22, § 982a (2011), without success. (Doc. 10-14 at 1-3; Doc. 10-15; Doc. 10-16 at 1-4; Doc. 10-18 at 1-2).

Petitioner's journey to this Court began with the United States Supreme Court's ruling in *McGirt v. Oklahoma*, 591 U.S. 894 (2020). She was a member of the Citizen Potawatomie Nation at the time of the offense, which occurred within the boundaries of the Chickasaw Nation Reservation. (Doc. 10-2 at 5, 437; Doc 10-35 at 1). The Oklahoma Court of Criminal Appeals ("OCCA") would later apply *McGirt* to hold the Chickasaw Nation Reservation remained intact. *See McClain v. State*, 501 P.3d 1009, 1012 (Okla. Crim. App. 2021), *overruled by implication on other grounds by Deo v. Parish*, 541 P.3d 833, 838 (Okla. Crim. App. 2023).

To vindicate her *McGirt* claim, Petitioner, by and through counsel, first applied for habeas corpus in the Pottawatomie County District Court. (Doc. 10-19). The State moved to dismiss the petition as being the wrong mechanism for relief, presented to the wrong district court. (Doc 10-21 at 1-6). The Honorable John Canavan, District Court Judge, overruled the State's motion, but was ultimately forced to dismiss the petition after the State successfully applied to the OCCA for a writ of prohibition. (Doc. 10-23 at 39; Doc 10-30). Notably, Petitioner's attorneys had successfully moved to respond to the State's petition for the writ and submitted a response. (Doc. 10-27 at 1; Doc. 10-28; Doc. 10-29). The effect of the OCCA's order granting the State's petition for a writ of prohibition was that Petitioner had to seek relief through Oklahoma's Post-Conviction Procedure Act, in the county where her judgment and sentence were imposed. (Doc. 10-30 at 3-4).

Petitioner then filed an application for post-conviction relief in the Garvin County District Court on October 13, 2020. (Doc. 10-31). The sole ground for relief stated in the application was that the district court was without jurisdiction because she was an Indian who committed her offense within Indian country. (Doc. 10-31 at 6-7 (citing *McGirt* and 18 U.S.C. § 1151)). The State filed a response on December 9, 2020. (Doc. 10-32 at 1-10). Judge Misak issued an order on March 30, 2021, granting relief. (Doc. 10-35). The order stated: "Pursuant to **Bosse v. State**, 2021 OK CR 3, this court lacks subject matter jurisdiction in this matter." (Doc. 10-35) (formatting in original). *See Bosse v. State*, 484 P.3d 286 (Okla. Crim. App. 2021), *withdrawn by Bosse v. State*, 495 P.3d 669 (Okla. Crim. App. 2021) ("*Bosse*"). Petitioner was released that same day. (Doc. 10-36).

3

The State sought to remedy the erroneous grant of post-conviction relief by way of an August 24, 2021, motion to vacate. (Doc. 10-37). In brief, it argued that vacatur of the previous order was warranted under *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021) ("*Matloff*"), because the OCCA had withdrawn its ruling in *Bosse*. (Doc. 10-37 at 1). Petitioner, by and through counsel, entered a special appearance and motion to strike on December 15, 2021. (Doc. 10-38). The vast majority of the filing attacked the viability of the State's motion under Oklahoma's post-conviction rules. (Doc. 10-38 at 1-7). But Petitioner added her view that "retroactive application of *Wallace* to Ms. Mars is further an *ex post facto* violation," and that it violated her right to "due process and equal protection rights." (Doc. 10-38 at 5-6). Citing differences between actions taken by the prosecutors in *Wallace* from those taken in Petitioner's case, and without mentioning Petitioner's federal claims, Judge Misak issued an order on March 31, 2022, denying the motion to vacate. (Doc. 10-40).

Having been denied vacatur by the Garvin County District Court, the State applied to the OCCA for a writ of prohibition on April 21, 2022. (Doc. 10-41). But, unlike the earlier prohibition action, Petitioner's attorneys did not move to file a response. The OCCA issued a writ of prohibition on April 18, 2023, holding that Judge Misak's "refusal to reinstate a conviction that was vacated pursuant to an unauthorized judicial action justifies the exercise of extraordinary jurisdiction." (Doc. 10-47). Judge Misak duly reinstated Petitioner's conviction and sentence in an April 20, 2023, order. (Doc. 10-48).

Petitioner filed her petition for a writ of habeas corpus in the Western District on July 13, 2023. (Doc. 1). Her first ground for relief argued the reinstatement of her

4

conviction and sentence pursuant to *Matloff* violated her liberty interests under the Fourteenth Amendment to the United States Constitution and her federal right to be free from ex post facto laws. (Doc. 1 at 9-13; Doc. 6 at 8-13). Petitioner's second ground argued that *McGirt* applies retroactively and that the OCCA's ruling in *Matloff* contravenes that holding. (Doc. 1 at 13-14; Doc. 6 at 14).

Respondent, then Tamika White, moved to dismiss the petition as untimely and unexhausted. (Doc. 9). Respondent explained first in her brief in support that 28 U.S.C. § 2244(d)(1)(A) was the only appliable limitations period, that the limitations period under § 2244(d)(1)(A) expired on December 4, 2015, and that the petition in this case was untimely. (Doc. 10 at 22-31). Respondent added that Petitioner had failed to plead or prove that she was entitled to equitable tolling. (Doc. 10 at 31-32). And Respondent then pointed out that Petitioner's claims were unexhausted. (Doc. 10 at 32-34). She explained that Petitioner never even attempted "to show that she has exhausted her two grounds for relief before the OCCA[,]" and added Petitioner's "only references to constitutional arguments raised in state court refer to the arguments raised in briefing before the state *district* court." (Doc. 10 at 32-33) (emphasis in original).

Petitioner replied to Respondent's motion. (Doc. 11 at 893-904). She argued that it was "a hyper-technical stretch to argue seriously that Petitioner's motion to strike . . . did not 'fairly raise' the federal due process and ex post facto arguments addressed in Ms. Mars's [sic] habeas petition." (Doc. 11 at 3). Petitioner further argued that she was entitled to equitable tolling. (Doc. 11 at 7-10). And, as to the timeliness of the petition under 28 U.S.C. § 2244(d)(1), Petitioner appeared to argue that the reinstatement of her judgment

5

and sentence "would start (or re-start) the habeas clock[.]" (Doc. 11 at 11). She also maintained that the announcement of *McGirt* triggered a new limitations period, although she did not explain which one. (Doc. 11 at 11).

The Honorable Gary M. Purcell, United States Magistrate Judge, recommended that the State's motion to dismiss be denied. (Doc. 12 at 1). The magistrate judge's report and recommendation agreed with Petitioner that she was entitled to equitable tolling and that, with such tolling, the petition was timely. (Doc. 12 at 9). He also found that, as to exhaustion, "the OCCA['s] rules specifically contemplate that the Justices may consider the lower court opinion and/or record in making its decision." (Doc. 12 at 15). As such, the magistrate judge reasoned that "it can hardly be concluded that a party failed to exhaust state court remedies . . ." (Doc. 12 at 15). Respondent objected. (Doc. 14).

The Honorable Jodi W. Dishman, United States District Court Judge, issued an order on July 8, 2024, declining adoption of the report and recommendation. Instead, she dismissed the first ground as unexhausted and the second as untimely. (Doc. 16 at 21).

First, the district court found that Petitioner had failed to exhaust her first ground for relief. (Doc. 16 at 10-17). Reviewing Rule 10.4(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App., the court noted that the rule "neither requires nor prohibits the filing of a response[,]" and that it "appears to be the OCCA's practice to grant leave to respond when leave is requested." (Doc. 16 at 13). She added that "there [was] no evidence of record that Mars' motion to strike was before the OCCA." (Doc. 16 at 15). Concluding that Petitioner had not given the OCCA "an opportunity to . . . correct [the]

6

constitutional violation," the district court dismissed Petitioner's first ground for relief as unexhausted. (Doc. 16 at 17) (internal quotes and cite omitted, alteration in original).

Second, the district court found Petitioner's second ground for relief was untimely. (Doc. 16 at 17-10). She observed that no later limitations period other than 28 U.S.C. § 2244(d)(1)(A) applied and, under that limitations period, Petitioner's second ground was untimely. (Doc. 16 at 17-19). The district court further agreed that Petitioner had not demonstrated any entitlement to any equitable tolling. (Doc. 16 at 19-20).

Even though the district court decided to withhold a certificate of appealability ("COA"), Petitioner obtained one from the Tenth Circuit. (Doc. 16 at 21; Doc. 24). That court initially granted the COA on two issues:

1. Did Ms. Mars exhaust her state court remedies with respect to her claims involving due process, equal protection, and ex post facto laws?

2. Did the Supreme Court's opinion in *McGirt* apply retroactively to cases on collateral review?

(Doc. 24 at 4 n.1). Respondent successfully moved this Court to reconsider the COA as to the second question, given that the district court had never addressed the retroactivity of *McGirt*. (Doc. 24 at 4 n.1). So, only the first question, whether Petitioner exhausted her available state-court remedies as to her first ground, remained.

To that end, the Tenth Circuit "conclude[d] that reversal is required because the district court improperly dismissed Mars's unexhausted claims while ruling on the merits of her exhausted claim." (Doc. 24 at 4). The court explained that the district court's manner of disposition fell outside the range of options available to a district court when dealing with a mixed petition:

> The Supreme Court has held that federal district courts may not adjudicate mixed petitions for habeas corpus—that is, petitions containing both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). Faced with a mixed petition, a district court has four options. *See Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009). First, a court may dismiss the petition in its entirety without prejudice and allow the petitioner "to return to state court to present the unexhausted claims to that court in the first instance." *Rhines v. Weber*, 544 U.S. 269, 274 (2005). Second, if it determines the petitioner had good cause for failing to exhaust her claims and that her claims are not "plainly meritless," the district court may avoid possible statute-of-limitations problems by staying and holding the federal petition in abeyance while the petitioner returns to state court to raise her unexhausted claims. *See id.* at 277. Third, a court may determine that the petitioner's unpursued state remedies would now be procedurally barred in state court and then "instead of dismissing the entire petition, the court can deem the unexhausted claims procedurally barred and address the properly exhausted claims." *Fontenot v. Crow*, 4 F.4th 982, 1019 (10th Cir. 2021). Fourth, a court may "ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit." *Fairchild*, 579 F.3d at 1156 (internal quotation marks omitted); see also 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").
>
> Here, the district court followed none of these permissible procedural paths and instead dismissed Mars's constitutional claims as unexhausted and her exhausted *McGirt* claim on the merits. When a district court improperly dismisses what it determines are unexhausted claims while ruling on the merits of exhausted claims, we must reverse and remand for the district court to decide the application in accordance with the precedents governing mixed habeas petitions. *See Wood v. McCollum*, 833 F.3d 1272, 1274 (10th Cir. 2016); *Moore v. Schoeman*, 288 F.3d 1231, 1232, 1236 (10th Cir. 2002). We thus reverse the district court's hybrid disposition of Mars's § 2254 application and remand to the district court with instructions to vacate its judgment and dispose of the application in a manner consistent with the options outlined above.

(Doc. 24 at 4-6). In turn, Judge Dishman referred the case to this Court for proceedings under 28 U.S.C. § 636(b)(1)(B) and (C). (Doc. 26).

8

This Court issued an order directing the parties to "determine whether an agreement can be reached regarding an appropriate disposition of this matter." (Doc. 31 at 1). If an agreed disposition could not be reached, the parties were directed to brief this Court, outlining their respective positions on disposition of the instant petition. (Doc. 31 at 1-2). The parties filed their respective notices informing this Court that no specific disposition could be reached by agreement. (Docs. 32 & 33). Petitioner's notice broadly sketched out her position but separately followed up with more briefing. (Doc. 33 & 34).

Now, Respondent submits the following briefing outlining his position on how this Court should to dispose of the petition.

## ARGUMENT AND AUTHORITY

This Court should recommend the district court pursue the third option mentioned by the Tenth Circuit or, in the alternative, the fourth option.[2] (Doc. 24 at 5). Petitioner expressly "opposes disposing of the petition under the first and second alternatives offered by the Tenth Circuit." (Doc. 33 at 1-2). Respondent agrees. As Petitioner rightly notes, there is no point sending Petitioner back to Oklahoma's courts to present the substance of her first ground as the claim would be dismissed as untimely. (Doc. 33 at 2). *See* OKLA. STAT. tit. 22, § 1080.1 (Supp. 2022) (imposing a one-year statute of limitations for post-conviction claims). That leaves this Court with the third option—deny the unexhausted

---

[2] To be clear, Respondent understand this Court's order directing the parties to outline their positions as distinct from full briefing on a particular issue or set of issues. (Doc. 27 at 1; Doc. 31 at 1-2). As will be shown below, there may ultimately be the need for briefing on one or more issues.

9

claim as procedurally defaulted—or the fourth option—deny the unexhausted claim on its merits. (Doc. 24 at 5). Respondent outlines application of these two alternatives below.

As a threshold matter, this Court should reject Petitioner's efforts to have this Court second-guess the district court's previous determination that she had failed to exhaust her first ground in state court. (Doc. 34 at 1). Judge Dishman's February 21, 2024, order declining the prior magistrate judge's recommendation thoroughly considered Petitioner's first ground and ultimately deemed it unexhausted. (Doc. 16 at 10-17). Nowhere in the Tenth Circuit's decision did it fault this determination. (Doc. 24). Nor does Respondent read the Tenth Circuit's order, directing the district court "to vacate its judgment and dispose of the application in a manner consistent with the options outlined above[,]" to provide this Court the occasion to revisit the issue.[3] In this sense, then, Respondent does not believe either the Tenth Circuit's decision, or the district court's subsequent referral, authorize this Court to address the issue of exhaustion. Petitioner herself admits as much, but offers this Court no particular reason *why* it should or on what basis it could do so.

Respondent respectfully contends this Court should opt for the third option. As the Tenth Circuit observed, "a court may determine that the petitioner's unpursued state remedies would now be procedurally barred in state court and then 'instead of dismissing the entire petition, the court can deem the unexhausted claims procedurally barred [. . .].'" (Doc. 24 at 5 (quoting *Fontenot v. Crow*, 4 F.4th 982, 1019 (10th Cir. 2021))). This Court

---

[3] Indeed, seeing that all four options presume the court is dealing with a mixed petition, treating Petitioner's first ground as exhausted would necessarily depart from the guidance handed down by the Tenth Circuit.

should proceed with that avenue as Petitioner's first ground is now procedurally barred in Oklahoma's courts. As Petitioner noted, Oklahoma's statute of limitations for post-conviction claims, similar to the one provided by 28 U.S.C. § 2244(d), would certainly be applied by Oklahoma's courts to decline review.[4] (Doc. 33 at 2). *See* OKLA. STAT. tit. 22, § 1080.1 (Supp. 2022). Thus, even assuming *arguendo* that Petitioner's due process claim would not be waived on other grounds (namely, her failure to raise same in the State's prohibition proceedings before the OCCA, when she first could and should have raised the claim), there is ultimately no point sending Petitioner back to Oklahoma's courts given the inevitable application of § 1080.1.

Although relatively new, Respondent respectfully contends that § 1080.1 constitutes an independent and adequate state law procedural bar to relief. And while Petitioner acknowledges that Oklahoma's courts would inevitably apply § 1080.1 to dismiss her claim, she has yet to make any effort to convince this Court that § 1080.1 is something other than independent and adequate. (Docs. 33 & 34). With Respondent having asserted § 1080.1 as an independent an adequate state-law bar to relief, the burden now lies with Petitioner to show otherwise. *See Hooks v. Ward*, 184 F.3d 1206, 1217 (10th Cir. 1999) ("Once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden to place that defense in issue shifts to the petitioner."). *See also*

---

[4] Respondent notes, with the utmost respect to Petitioner, that nothing stopped her from filing a post-conviction action in Oklahoma's courts after the district court issued its February 21, 2024, order declining the prior magistrate judge's report and recommendation. (Doc. 16). The OCCA issued its writ of prohibition on April 18, 2023. (Doc. 10-47). The reinstatement of Petitioner's judgment and sentence, that is, the factual predicate of her claim, occurred on April 20, 2023. (Doc. 10-48). *See* Okla. Stat. tit. 22, § 1080.1 (2022 Supp.).

*Tryon v. Quick*, 81 F.4th at 1110, 1139 (quoting *Hooks*, 184 F.3d at 1217). Should Petitioner desire to challenge the independence and adequacy of § 1080.1 or otherwise seek to present reasons why default should be excused—and should this Court be willing to entertain those explanations—Respondent respectfully asks this Court for the opportunity to further brief this Court to respond to Petitioner's arguments.

While Respondent does not believe Petitioner is entitled to a merits adjudication of, and in turn the opportunity to seek a certificate of appealability on, her first ground for relief, the fourth option might be the path of least resistance. (Doc. 24 at 5 (citing *Fairchild*, 579 F.3d at 1156; 28 U.S.C. 2254(b)(2)). Courts sometimes find it easier to do so. *See*, *e.g.*, *Brown v. Dowling*, Case No. 19-CV-0014-TCK-JFJ, 2022 WL 860194, *13 (unpublished) ("The Court finds it much easier to overlook any procedural default of his claim and deny relief on the merits."). And especially if Petitioner has truly abandoned all but her due process claim, as she seems to assert, her first ground for relief could be relatively easy to dispose of. Thus, while Respondent respectfully contends that this Court should pursue the third course outlined by the Tenth Circuit, he concedes that the fourth alternative remains viable.

Petitioner admits that her due process argument faces the same fate as Graham's. (Doc. 34 at 2-3). *See Graham v. White*, 678 F.Supp.3d 1332, 1345 (N.D. Okla. 2023) (granting writ upon finding the vacatur of Graham's prior grant of post-conviction relief pursuant to *Matloff* violated due process), *rev'd by Graham v. White*, 101 F.4th 1199 (10th Cir. 2024). *See also United States v. Manzanares*, 956 F.3d 1220, 1225 (10th Cir. 2020) (noting courts are bound by precedent made by earlier panels within circuit absent en banc

reconsideration or a contrary decision from the Supreme Court). And, while she characterizes her claims as sounding in "due process, equal protection, and *ex post facto*," review of the record shows, no equal protection issue was ever in her petition. (Doc. 1 at 9-13; Doc. 6 at 8-14; Doc. 34 at 1). Even with self-represented state-court petitioners, courts cannot rewrite a petition to include claims that were never presented. *Cf. Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021).

What Petitioner is left with is an *ex post facto* claim that she included without any argument and authority in support. (Doc. 1 at 9-13; Doc. 6 at 8-14). With respect, this is a counselled petition. (Docs. 1 & 6). It is not entitled to liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 97 (2007). And merely mentioning *ex post* facto is wholly insufficient to show the OCCA's actions constituted an unreasonable application of federal law or an unreasonable determination of fact. *Cf. Meek v. Martin*, 74 F.4th 1223, 1266-27 (10th Cir. 2023). It also now appears that Petitioner has abandoned the *ex post facto* claim entirely, stating in her notice to this Court that "[t]he only issue before the Court at this stage is the due process argument . . ." (Doc. 33 at 1 n.1). Waiver of this also-ran claim would make sense in light of Petitioner's stated interest in obtaining certiorari review of her *Graham* claim. (Doc. 34 at 2-3). But Respondent cannot help but note Petitioner's next filing again refers to "her due process, equal protection and *ex post facto* claims . . ." (Doc. 34 at 1). Defining the first ground remains something of a moving target.

Ultimately, Respondent cannot speak for Petitioner as it relates to the exact nature of her first ground. As Respondent has shown, there are more sufficient reasons to deny Petitioner's first ground (in all its various permutations) on its merits. Given the complete

13

absence of a viable federal claim, the petition could certainly be denied notwithstanding the question of exhaustion. *See Fontenot*, 4 F.4th at 1019; 28 U.S.C. § 2254(b)(2). But while the first ground is fit to be denied, and Petitioner apparently asks this Court to do so, Respondent remains concerned that the substance of her first ground for relief changes with nearly every iteration. With that caveat, and reiterating his belief that this Court is better served denying the claim as defaulted, Respondent agrees in principle that this Court could pursue the fourth option and deny Petitioner's first ground on its merits.

## CONCLUSION

As this Court has requested, Respondent has outlined his position regarding disposition of the instant petition for writ of habeas corpus. The parties agree that the first two options discussed by the Tenth Circuit should not be considered. And while Respondent asserts that Petitioner's first ground is now defaulted, and that the third option should consequently apply, he concedes that this Court could deny his first ground on its merits—if this Court could get a fix on what Petitioner now thinks that ground stands for. Respondent welcomes the opportunity to further brief this Court on any matter outlined here, should it direct the parties to do so.

Respectfully submitted,

**GENTNER F. DRUMMOND**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/RANDALL YOUNG**
**RANDALL YOUNG, OBA 33646**
**ASSISTANT ATTORNEY GENERAL**
313 N.E. 21st Street
Oklahoma City, OK 73105
(918) 581-2010
(405) 522-4534 (FAX)
Service email: fhc.docket@oag.ok.gov

**ATTORNEYS FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

**X**  I hereby certify that on May 28th, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

**X**  I hereby certify that on May 28th, 2025, I served the attached document electronically on the following, who is a registered participant of the ECF System:

David Autry
1021 N.W. 16th Street
Oklahoma City, OK 73106

*Counsel for Petitioner*

/s/ Randall Young