IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CLARISSA MARIE MARS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-23-606-JD |
| | ) |
| **STEVEN HARPE,**[1] | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, Clarissa Marie Mars, seeks a Writ of Habeas Corpus under 28 U.S.C. § 2254. United States District Judge Jodi W. Dishman referred this matter to the undersigned Magistrate Judge for proceedings under 28 U.S.C. § 636(b)(1)(B), and (C). (Doc. 26). For the reasons set forth below, the undersigned recommends that Petitioner's petition for habeas relief be **DISMISSED** because Ground One would be procedurally barred if Petitioner returned to state court to exhaust her claims, and Ground Two is barred by the statute of limitations.

---

[1] Although Petitioner is no longer housed in an Oklahoma Department of Corrections ("ODOC") facility, she remains subject to the ODOC's supervision. (Doc. 35, at 1). Thus, Steven Harpe, ODOC director, is the appropriate respondent. *See, e.g., Vaughn v. Allbaugh*, 772 F. App'x 700 (10th Cir. 2019) (citing Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts).

I.    **Factual and Procedural Background**

    A.    **State Court History**

After a 2015 conviction, Petitioner filed an application for post-conviction relief in state court after the United States Supreme Court's decision in *McGirt v. Oklahoma*, 591 U.S. 894 (2020). (Doc. 24, at 2). In light of *Bosse v. State*, 484 P.3d 286 (Okla. Crim. App. 2021), a decision by the Oklahoma Court of Criminal Appeals ("OCCA"), the trial court granted the application and Petitioner was released from custody. (*Id.*) But the OCCA later "held that *McGirt* does not apply retroactively in state postconviction proceedings to void convictions that were final when *McGirt* was decided." (*Id.*) (citing *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 688 (Okla. Crim. App. 2021)). The OCCA then withdrew its decision in *Bosse* – the basis for Petitioner's successful application for post-conviction relief. (*Id.*)

After the OCCA decided *Matloff* and withdrew *Bosse*, the State sought to vacate the order granting Petitioner's application for post-conviction relief. (*Id.* at 3). After the state district court denied the motion, "the State filed a petition in the OCCA for a writ prohibiting enforcement of the order denying the motion to vacate and directing the state trial court to grant the motion and reinstate [Petitioner's] conviction and sentence." (*Id.*) Petitioner did not seek leave to file a response to the State's petition, and the OCCA determined that the order vacating Petitioner's conviction was not authorized by law and reinstated Petitioner's conviction and sentence. (*Id.*)

### B. The Petition, the District Court Decision, and Subsequent Appeal

Petitioner filed this action, seeking habeas relief on two grounds. (Doc. 1, at 9-14). In Ground One, Petitioner argues: (1) that the state violated her right to due process when the OCCA reinstated her conviction; and (2) the application of *Matloff* to her case violates the prohibition against *Ex Post Facto* laws. (*Id.* at 9-13). In Ground Two, Petitioner asserts *McGirt* applies retroactively as a matter of federal law. (*Id.* at 13-14).

Respondent filed a Motion to Dismiss, arguing the Petition was time-barred and unexhausted, (Docs. 9, 10), which Petitioner opposed, (Doc. 11). United States Magistrate Judge Gary M. Purcell recommended Respondent's motion be denied. (Doc. 12). First, he found the statute of limitations did not bar Petitioner's claims because of equitable tolling. (*Id.* at 8-12). Then, he recommended the Court find that Petitioner did not fail to exhaust her remedies in state court because the State raised the issue on appeal to the OCCA and Petitioner was not permitted to file a response under the applicable procedural rules and did not have an avenue to request reconsideration. (*Id.* at 12-17).

The Court declined to adopt the Report and Recommendation and granted the motion to dismiss. (Doc. 16). First, the Court found Ground One was unexhausted. (*Id.* at 10-17). "The Court conclude[d] that [Petitioner] did not meet the burden of showing she has exhausted her state court remedies as to her due process claim or that seeking to do so would be useless when she could have sought leave to respond to the State's petition" at the OCCA level. (*Id.* at 15). Next, the Court found Ground Two was barred by the statute of limitations. (*Id.* at 17-20).

3

On appeal, the Tenth Circuit granted a certificate of appealability on the exhaustion issue.[2] (Doc. 24, at 4). In its decision, the court stated:

> The Supreme Court has held that federal district courts may not adjudicate mixed petitions for habeas corpus—that is, petitions containing both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). Faced with a mixed petition, a district court has four options. *See Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009). First, a court may dismiss the petition in its entirety without prejudice and allow the petitioner "to return to state court to present the unexhausted claims to that court in the first instance." *Rhines v. Weber*, 544 U.S. 269, 274 (2005). Second, if it determines the petitioner had good cause for failing to exhaust her claims and that her claims are not "plainly meritless," the district court may avoid possible statute-of-limitations problems by staying and holding the federal petition in abeyance while the petitioner returns to state court to raise her unexhausted claims. *See id.* at 277. Third, a court may determine that the petitioner's unpursued state remedies would now be procedurally barred in state court and then "instead of dismissing the entire petition, the court can deem the unexhausted claims procedurally barred and address the properly exhausted claims." *Fontenot v. Crow*, 4 F.4th 982, 1019 (10th Cir. 2021). Fourth, a court may "ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit." *Fairchild*, 579 F.3d at 1156 (internal quotation marks omitted); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

(*Id.* at 4-5). The court then noted that "the district court followed none of these permissible procedural paths and instead dismissed [Petitioner's] constitutional claims as unexhausted and her exhausted *McGirt* claim on the merits." (*Id.* at 5). Thus, the Tenth Circuit reversed the "hybrid disposition" and remanded the matter to this Court "with instructions to vacate its judgment and dispose of the application in a manner consistent with the options outlined

---

[2] The Tenth Circuit initially granted, but later vacated, a certificate of appealability as to whether *McGirt* applies retroactively to cases on collateral review. (Doc. 24, at 4 n.1).

above." (*Id.* at 6). The Court vacated its judgment and referred the matter to the undersigned. (Doc. 26).

### C. The Post-Appeal Positions of the Parties

Despite the Court's prior ruling to the contrary, Petitioner maintains that the Court should reconsider its earlier decision and find that Petitioner exhausted her Ground One claims in state court. (Doc. 34, at 1). Anticipating such a request will be denied, (*id.* at 2), she also argues that the fourth option identified by the Tenth Circuit – denying the issue on the merits notwithstanding non-exhaustion – "would be most advantageous" to her. (Doc. 33, at 3). She asserts that it would be futile to go back to state court to exhaust under the first and second options identified by the Tenth Circuit because "the state court would surely rule that Petitioner was time-barred from raising the issue anew in a successor post-conviction application." (*Id.* at 2). And she asserts the third option – finding that the state court remedy would now be procedurally barred – "creates a redundancy." (*Id.* at 2-3).

Respondent argues the Court should reject Petitioner's invitation to revisit the exhaustion issue. (Doc. 35, at 10). Then, moving to the four options identified by the Tenth Circuit, Respondent argues the Court should resolve the matter under the third option and find that the unexhausted remedies would now be procedurally barred in state court because Petitioner's application for post-conviction relief would be barred by Oklahoma's one-year statute of limitations on such actions. (*Id.* at 10-12). Alternatively, Respondent contends Petitioner's claims can be denied on the merits.[3] (*Id.* at 12-14).

---

[3] Both Petitioner and Respondent indicate that denial on the merits may be proper due to the Tenth Circuit's decision in *Graham v. White*, 101 F.4th 1199 (10th Cir. 2024). (Doc.

5

**II.     This Court Previously Found Petitioner's Claim Was Unexhausted.  If Petitioner Returned To State Court To Exhaust It, the State Court Would Find It Procedurally Barred.**

In accordance with the Tenth Circuit's order, the Court is now tasked with implementing its instructions by disposing of the mixed petition in one of four ways: (1) dismissing the petition without prejudice; (2) staying this action and holding the petition in abeyance to allow Petitioner to return to state court to raise the unexhausted claim; (3) determining that Petitioner's unexhausted claim would now be procedurally barred in state court; or (4) denying the unexhausted claim on the merits.  (*Id.* at 4-5).  For the reasons stated below, the undersigned recommends utilizing the third option and finding that Ground One would now be procedurally barred in state court.

When a court considers an unexhausted claim to be procedurally barred, it applies "an 'anticipatory procedural bar' to functionally transform [the] unexhausted claim[] into

---

34, at 2; Doc. 35, at 12-14).  Without reaching the merits of the issue, the undersigned notes that *Graham* may not apply as straightforwardly as the parties suggest.  In *Graham*, the Tenth Circuit considered the petitioner's claim with the deferential review required in § 2254 habeas cases when the state appellate court rules on the merits of a constitutional claim. *Id.* at 1208-10.  When considering "whether the state appeals court acted arbitrarily under Oklahoma law in allowing the state district court to modify the initial order after the State's appeal time had expired," the Tenth Circuit first stated that "the Court of Criminal Appeals might or might not have been right in upholding the state district court's power to reinstate the convictions," but under the deferential review found that "at least some fair-minded jurists could reasonably credit the state appeals court's application" of the law. *Id.* at 1209-10.  But because Petitioner's claim was not exhausted here, the Court would be required to engage in a *de novo* review.  *See Allen v. Mullin*, 368 F.3d 1220, 1235 (10th Cir. 2004) ("Inasmuch as the Oklahoma courts have not previously adjudicated the merits of the *Ake* claim, we review *de novo*."); *see also Richwine v. Romero*, 474 F. App'x 756, 757 (10th Cir. 2012) ("Because the four unexhausted new claims of ineffective assistance of counsel had not been presented to the state court, the federal district court reviewed them *de novo*.").  *Graham* did not involve a *de novo* review, and indeed the court stated that the OCCA might or might not have been correct.  101 F.4th at 1210.

6

[an] exhausted one[], thus obviating the need to dismiss a mixed petition." *Fontenot*, 4 F.4th at 1019 (10th Cir. 2021). Respondent argues that Ground One is a claim that qualifies for an anticipatory procedural bar because it would be time-barred if Petitioner went back to state court to exhaust it. (Doc. 35, at 10-12).

Oklahoma law provides that "a one-year period of limitation shall apply to the filing of any application for post-conviction relief, whether an original application or a subsequent application." Okla. Stat. tit. 22, § 1080.1(A). The limitations period runs from the latest of:

1. The date on which the judgment of conviction or revocation of suspended sentence became final by the conclusion of direct review by the Oklahoma Court of Criminal Appeals or the expiration of the time for seeking such review by the Oklahoma Court of Criminal Appeals;

2. The date on which the Governor revoked parole or conditional release, if the petitioner is challenging the lawfulness of said revocation;

3. The date on which any impediment to filing an application created by a state actor in violation of the Constitution of the United States or the Constitution of the State of Oklahoma, or laws of the State of Oklahoma, is removed, if the petitioner was prevented from filing by such action;

4. The date on which the constitutional right asserted was initially recognized by the United States Supreme Court, if the right has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or

5. The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The statute went into effect on November 1, 2022. *See Hammon v. State*, 540 P.3d 486, 487 (Okla. Crim. App. 2023).

7

In Ground One, Petitioner challenges the reinstatement of her conviction, which was completed by the state district court on April 20, 2023. (Doc. 1, at 9-13; *id.* at Ex. 15). This is the date on which the factual predicate of the claim could have been discovered. So, Petitioner had one year from that date to file a post-conviction action. Petitioner did not file a post-conviction action following the reinstatement of her conviction, and the one-year period has long since elapsed. So, Petitioner's post-conviction action would be untimely if she went back to state court. Petitioner admits as much. (Doc. 33, at 2) ("The state court would surely rule that Petitioner was time-barred from raising the issue anew in a successor post-conviction action.").

But "only if the state procedural rule is both independent of federal law and adequate to support the judgment – that is, strictly or regularly followed and applied evenhandedly to all similar claims – can it serve as the basis for an anticipatory procedural bar." *Fontenot*, 4 F.4th at 1023 (citation modified). "'A state procedural default is independent if it relies on state law, rather than federal law,' and is 'adequate if it is firmly established and regularly followed.'" *Id.* at 1028 (quoting *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008)). Here, the procedural rule is an Oklahoma statute, so it is "independent" because it relies on state law and not federal law. Further, the rule is adequate because it is regularly followed and appears to be followed evenhandedly. *See, e.g., Amiri v. State*, No. PC-2024-548, Order Affirming Denial of Post-Conviction Relief (Okla. Crim. App. Jan. 10, 2025) (holding "the trial court did not abuse its discretion when it found the

application untimely" under Okla. Stat. tit. 22, § 1080.1);[4] *Washington v. State*, No. PC-2024-576, Order Affirming Dismissal of Post-Conviction Relief (Okla. Crim. App. Aug. 30, 2024) (applying Okla. Stat. tit. 22, § 1080.1 to affirm dismissal of application for post-conviction relief);[5] *Washington v. State*, No. PC-2024-577, Order Affirming Dismissal of Post-Conviction Relief (Okla. Crim. App. Aug. 30, 2024) (applying Okla. Stat. tit. 22, § 1080.1 to affirm dismissal of application for post-conviction relief);[6] *Benson v. State*, No. PC-2024-422, Order Affirming Denial of Post-Conviction Relief (Okla. Crim. App. July 8, 2024) (affirming denial of application post-conviction relief where it was untimely under Okla. Stat. tit. 22, § 1080.1).[7] Therefore, the undersigned finds that the claim can be considered functionally exhausted because it would be procedurally barred if Petitioner went back to state court to exhaust it. *Fontenot*, 4 F.4th at 1019. Dismissal is appropriate on that basis.

Petitioner's arguments against this avenue are unpersuasive. First, she asserts that her claims "were exhausted in state court, and that the due process error did not arise until the [OCCA] permitted the state to appeal a trial court ruling where the right to appeal had

---

[4] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2024-548&cmid=138133 (last accessed Aug. 19, 2025).

[5] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2024-576&cmid=138218 (last accessed Aug. 19, 2025)

[6] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2024-577&cmid=138219 (last accessed Aug. 19, 2025).

[7] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2024-422&cmid=137754 (last accessed Aug. 19, 2025)

long been forfeited." (Doc. 33, at 2). The Court, however, has already determined that the claim is not exhausted, (Doc. 16, at 10-17), and the undersigned considers the trigger date for determining when her claim arose for purpose of the state's statute of limitations to be after the OCCA allowed the state's appeal. Second, Petitioner contends that "it seems pointless to go through the same exercise again, with the Court ruling the due process claim is unexhausted and therefore procedurally barred, and Petitioner arguing to the contrary and seeking a certificate of appealability on an issue for which one had previously been granted." (Doc. 33, at 3). The undersigned is not persuaded that a subsequent appeal will be "pointless" as the posture of the case will be different.

For the reasons stated above, Ground One is unexhausted but should be dismissed because it would be procedurally barred if Petitioner returned to state court to exhaust it. Because the Court previously found Gound Two is barred by the statute of limitations, the entire petition should be dismissed.

### III. Recommendation and Right to Object

For the reasons discussed above, the undersigned recommends that the Petition for habeas relief (Doc. 1) be **DISMISSED** because Ground One would be procedurally barred if Petitioner returned to state court to exhaust her claims and Ground Two is barred by the statute of limitations.

**The court advises the parties of their right to object to this Report and Recommendation by September 2, 2025,** under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The court further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and

legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 19th day of August, 2025.

*Amanda L. Maxfield*
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE