# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLARISSA MARIE MARS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-23-00606-JD |
| ) | |
| STEVEN HARPE, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is the Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Amanda L. Maxfield on August 19, 2025. [Doc. No. 36]. For the reasons outlined below, the Court accepts the R. & R. and dismisses Petitioner's petition for habeas relief under 28 U.S.C. § 2254.

As outlined in the R. & R., the Court previously dismissed Petitioner Clarissa Marie Mars's ("Petitioner") petition because the Court found that Petitioner had not exhausted her state court remedies with respect to Ground One and because the statute of limitations barred Ground Two. [Doc. No. 36 at 3].[1] On appeal, the Tenth Circuit instructed that "federal district courts may not adjudicate mixed petitions for habeas corpus—that is, petitions containing both exhausted and unexhausted claims." [Doc. No. 24 at 4]. The Tenth Circuit advised the Court that it must addressed Petitioner's "mixed

---

[1] In this Order, the Court uses page numbering from the CM/ECF stamp at the top of the filing on the district court docket.

petition" in one of four ways outlined in the opinion. [*Id.* at 4–5]. The Court then vacated its judgment and referred the matter to Judge Maxfield. [Doc. No. 26].

The R. & R. chose to address Petitioner's mixed petition under the third option. [Doc. No. 36 at 6]. Specifically, the R. & R. determined "that the petitioner's unpursued state remedies would now be procedurally barred in state court and then instead of dismissing the entire petition, the court can deem the unexhausted claims procedurally barred and address the properly exhausted claims." [Doc. No. 24 at 5 (internal quotation marks omitted)]. Accordingly, the R. & R. recommends dismissing Petitioner's petition for habeas relief because Ground One would be procedurally barred if Petitioner returned to state court to exhaust it and because Ground Two is barred by the statute of limitations. [Doc. No. 36 at 1, 10].

The R. & R. advised the parties of their right to object by September 2, 2025. [*Id.* at 10]. Judge Maxfield warned the parties that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 10–11].

Neither party filed an objection or requested an extension of time to do so. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives its right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs

"waived their right to appeal the magistrate's ruling" because they did not file any objections).

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review; these factors include: "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised.'" *Id.* at 1120.

Here, the R. & R. sufficiently informed the parties of the time period for objecting and the consequences of failing to object. [Doc. No. 36 at 10–11]. Further, the parties are both represented by counsel. The interests of justice do not require review. Thus, the firm waiver rule applies, and the parties have waived their right to challenge the R. & R. Consequently, the Court accepts the R. & R.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. In this case, Petitioner has waived her right to appeal by failing to object to the

R. & R. *See Moore*, 950 F.2d at 659 ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."); *see also Ardizzone v. Jones*, 534 F. App'x 796, 798 (10th Cir. 2013) (unpublished) (applying the firm waiver rule to a habeas petitioner who filed a notice of appeal after failing to timely object to report and recommendation by magistrate judge). The Court, therefore, declines to issue a certificate of appealability.

    IT IS SO ORDERED this 23rd day of September 2025.

JODI W. DISHMAN  
UNITED STATES DISTRICT JUDGE